IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| CHRISTOPHER BREWER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 125-056 |
| | ) | |
| GINO BRANTLEY; CAPTAIN DANIELS; CAPTAIN HARRELL; LIEUTENANT JENKINS; SERGEANT STERNS; CORPORAL COWELL; CORPORAL DELAGO; CORPORAL KUNTE; CORPORAL SEYMORE; CORPORAL ELLISON; DEPUTY THOMAS; DEPUTY SEARS; DEPUTY GIST; DEPUTY BUSBY; DEPUTY BRINSON; DEPUTY GILMORE; DEPUTY MYERS; DEPUTY BLASTINGGAME; DEPUTY GABI; DEPUTY PRESCOTT; DEPUTY MCDANIELS; DEPUTY TRAVIS; DEPUTY SMILEY; DEPUTY PERISH; DEPUTY CARLEE; DETRA WILLIS; DOCTOR CROSBY; DOCTOR CARSON; NURSE BAKER; NURSE CLARK; NURSE MCKAZ; NURSE ROGERS; and NURSE PERLEY, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, detained at Charles B. Webster Detention Center in Augusta, Georgia, commenced the above-captioned case *pro se* and requested permission to proceed *in forma pauperis* ("IFP"). On March 24, 2025, the Court directed Plaintiff to return his Prisoner Trust Fund Account Statement and Consent to Collection of Fees forms within thirty days and

advised Plaintiff all prisoners, even those proceeding IFP, must pay the filing fee of $350.00 in full. 28 U.S.C. § 1915(b)(1). (See doc. no. 3, pp. 1-4.) The Court also directed Plaintiff to submit an amended complaint on the standard complaint form used by incarcerated litigants in the Southern District of Georgia. (See id. at 4-6.) Plaintiff was cautioned failure to respond would be an election to have this case voluntarily dismissed without prejudice. (See id. at 6.)

Plaintiff submitted his Consent to Collection of Fees form and an amended complaint, (doc. nos. 4, 5), but asserted prison officials would not return the Trust Fund Account Statement he provided to them. (See doc. no. 6, p. 1.) Thus, on May 14, 2025, the Court entered an order explaining Plaintiff cannot proceed IFP unless he submits the requisite Trust Fund Account Statement and consents to the collection of the entire $350.00 filing fee in installments. (See doc. no. 7.) The Court granted Plaintiff until May 27, 2025, to submit the required Prisoner Trust Fund Account Statement signed by an authorized prison official, and the Court warned Plaintiff that failing to return the required paperwork would be an election to have this case dismissed without prejudice. (Id. at 2.)

The Court also directed the Clerk to serve the Order and a Prisoner Trust Fund Account Statement on the Warden and expressed confidence prison officials would expeditiously fill out the form and return it to Plaintiff. (Id.) The Order further explained Plaintiff was responsible for returning the Trust Fund Account Statement to the Court. (Id.) Plaintiff's extended deadline has now passed, and he has not submitted the outstanding IFP document as required by the Court's prior Orders. Nor has he provided the Court with any explanation why he has not complied.

Plaintiff cannot proceed IFP unless he submits the requisite Trust Fund Account Statement and consents to the collection of the entire $350.00 filing fee in installments. Wilson

v. Sargent, 313 F.3d 1315, 1319, 1321 (11th Cir. 2002) (citing 28 U.S.C. § 1915). Plaintiff has been warned that failing to return the necessary IFP papers would be an election to have his case voluntarily dismissed. When Plaintiff claimed the failure to return the all the necessary paperwork was the fault of prison officials, the Court provided the Trust Fund Account Statement directly to prison officials and directed them to complete the form and return it to Plaintiff. Yet Plaintiff chose not to return the form.

Therefore, because Plaintiff has neither fulfilled the requirements for proceeding IFP, nor paid the full filing fee, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 16th day of June, 2025, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA